Dear Mr. Picard:
Your opinion request of recent date questions the applicability of LSA-R.S. 49:308, LSA-R.S. 49:320, and LSA-R.S. 49:321 to the Louisiana Auctioneers Licensing Board.
At the outset, note that the Louisiana Auctioneers Licensing Board is a state board created under the authority of LSA-R.S.37:3111. Because the Board is also considered a "trade or professional association", it is not required to deposit money within the state treasury. LSA-Const. Art. VII, Section 9(A)(2)(1974); see also Attorney General Opinion 93-415. However, funds not on deposit in the state treasury are statutorily required to be invested in accordance with LSA-R.S. 49:327(C), providing, in pertinent part:
 C. Funds not on deposit in state treasury. (1)(a) The heads of all state departments, boards, commissions, and agencies are authorized and directed to invest monies under their control and not on deposit in the state treasury which they in their discretion may determine to be available for investment in time certificates of deposit of state banks organized under the laws of Louisiana, or national banks having their principal office in the state of Louisiana, in savings accounts or shares of savings and loan associations and savings banks, as defined by LSA-R.S. 6:703(15) and (16), or in share accounts and share certificate accounts of federally or state chartered credit unions.
 * * * * *
 (2) These funds shall not exceed at any time the amount insured by the Federal Deposit Insurance Corporation in any one banking institution, the Federal Savings and Loan Insurance Corporation in any savings and loan association, the National Credit Union Administration or other deposit insurance corporation approved by the state treasurer, unless the uninsured portion is collateralized by the pledge of securities in the manner provided by LSA-R.S. 6:748.1 and LSA-R.S. 49:321. However, if funds are determined to be available for investment for a period of time less than thirty days, such heads of departments, boards, commissions, and other state agencies are authorized to invest such funds in direct United States Treasury obligations that mature not more than twenty-nine days after the date of purchase. (Emphasis added).
You are correct in stating that LSA-R.S. 49:308(A)(2) exempts the Board from mandatory deposit of monies into the state treasury. LSA-R.S. 49:308(A)(2) essentially restates the constitutional exemption in LSA-Const. Art. VII, Section 9(A)(1974). However, the legislature has provided for a limited number of investment opportunities for those state boards who are not required to deposit those monies within the state treasury. See LSA-R.S.49:327(C), quoted above. LSA-R.S. 49:327(C) does not authorize a state board to invest in mutual funds, and such purchases of stocks or other equities may be violative of LSA-Const. Art. VII, § 14(A)(1974). That provision in part states that "neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise."
The Board is also considered a "state depository authority" as defined in LSA-R.S. 49:319, providing:
 "State depositing authority" as used in this Chapter means the state treasurer, and other elected state officials or any department, board, commission, or institution of the state; and "depository" or "fiscal agent bank" means any bank selected and designated by the Interim Emergency Board for deposit of state funds by the treasurer and other elected state officials or any department, board, commission or institution of the state.
LSA-R.S. 49:320 and LSA-R.S. 49:321 are applicable to "state depositing authorities" and are therefore applicable to the Board. These statutes provide, respectively, for the Interim Emergency Board to designate fiscal agent banks for the deposit of funds belonging to any state depositing authority, and further set security for deposits of state funds by state depositing authorities. However, we are not aware of any statutory restriction prohibiting the Board from using a commercial broker to purchase the investments permitted under LSA-R.S.49:327(C)(2).
Further, the fact that the Board is authorized to create the Louisiana Auctioneers Licensing Board Fund under LSA-R.S. 37:3119
does not empower the Board to spend the monies collected in a manner other than as provided by statute, specifically, LSA-R.S.49:327(C), or other statutory authority. The expenditure of state funds by a state board absent an underlying legal obligation is a prohibited donation of public funds, in violation of LSA-Const. Art. VII, Section 14(A). For this reason, the Board is without authority to expend monies to pay those parties aggrieved by the errors or omissions of licensed auctioneers. The provisions of LSA-R.S. 37:3118 require auctioneers to be bonded for the express purpose of indemnifying those persons who suffer loss as a result of the error of the auctioneer. It is only within the authority of the legislature for the current requirements of LSA-R.S.37:3118 to be removed and replaced by the establishment of a recovery fund.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. Tyron D. Picard Louisiana Auctioneers Licensing Board 8017 Jefferson Highway, Suite B Baton Rouge, LA 70809
Date Received:
Date Released: November 30, 1994
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL